NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-CV-507-KKC

STANLEY FRENCHIE                                                                                          PETITIONER

VS:                                **MEMORANDUM OPINION AND ORDER**

CHARLES E. SAMUELS, JR., *Warden*                                                           RESPONDENT

Stanley Frenchie, who is confined in the Federal Correctional Institution in Manchester, Kentucky ("FCI-Ashland"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241.  He has paid the $5.00 filing fee.

This matter is before the Court for screening.  28 U.S.C. § 2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action:  (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

RESPONDENT

The named respondent is Charles E. Samuels, Jr., the warden of FCI-Manchester.

CLAIMS

On June 12, 2005, the petitioner was charged with a disciplinary infraction under Code 307

(Refusing to Obey an Order of a Staff Member). The disciplinary hearing occurred on June 22, 2005. The Disciplinary Hearing Officer (DHO) found the petitioner guilty of the charged offense and sanctioned hm as follows: (1) 90 days' phone restriction; (2) 90 days' Commissary restriction; (3) 15 additional days of Segregation time; and (4) 13 days of good time disallowed.

The petitioner claims that to this date he has never received the DHO's written report, from which he seeks to file an administrative appeal through the Bureau of Prison's ("BOP") administrative remedy process, 28 C.F.R. 542.10-19. He has attached documentation reflecting that he has tried to appeal in the absence of the DHO's written report, but that both the BOP's Mid-Atlantic Regional Office and the Central Office have rejected his appeals because the DHO report was not attached. The petitioner alleges that the failure of the DHO to issue a report violates his due process rights, under the Fifth Amendment of the United States Constitution, because he is being prevented from appealing his disciplinary sanctions.

Although the petitioner appears to have explained in the two BOP appeals what happened in the hearing and that he had requested the DHO report, both BOP entities rejected his appeals for failure to attach the DHO report. He claims that the DHO's failure to provide him with a written report within 10 days of the hearing violates 28 C.F.R. §541.17(g), which reads in relevant part:

> (g) The Discipline Hearing Officer shall prepare a record of the proceedings which need not be verbatim. This record must be sufficient to document the advisement of inmate rights, the DHO's findings, the DHO's decision and the specific evidence relied on by the DHO, and must include a brief statement of the reasons for the sanctions imposed. The evidence relied upon, the decision, and the reasons for the actions taken must be set out in specific terms unless doing so would jeopardize institutional security. *The DHO shall give the inmate a written copy of the decisions and disposition, ordinarily within 10 days of the DHO's decision.*

28 C.F. R. §541.17(g) (Emphasis Added).

## DISCUSSION
### 1. Proper Forum

Claims which challenge the execution of sentence, such as issues concerning the computation of parole or sentence credits, are properly raised under §2241 in the district where the petitioner is

incarcerated. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979); (per curiam); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir.1977). As the petitioner is currently incarcerated in the Eastern District of Kentucky, the petitioner has filed his petition in the proper court.

2. Merits of the Claim

A review of the BOP's website, www.bop.gov, ("Inmate Locator") indicates that the petitioner's projected release date is May 2, 2006, only four months from now. Assuming the DHO report is forthcoming in the next couple of weeks, the BOP administrative appeal process will take approximately 90 days (three months). It would appear that the petitioner should be able to file an administrative appeal of the denial of 13 days of good time credit, given his imminent projected release date.[1] The petitioner wishes to challenge the forfeiture of 13 days of good time credit, but states that he is unable to do so because he has received no DHO report to attach to any BOP appeal. Based on the allegations in the petition, the DHO report appears to be delayed bY several months in its issuance. The record requires further development to determine if a Fifth Amendment due process violation has been implicated. The United States will be required to respond to the petitioner's Fifth Amendment claim.

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)   The respondent will be required to respond to the §2241 petition.

(2)   The Clerk of the Court will serve a copy of this Memorandum Opinion and Order, and the §2241 petition, on the respondent and on the United States Attorney for the Eastern District of Kentucky

---

[1] An appeal of the punishment of the phone and commissary restrictions and the service in administrative segregation would appear to be moot, having already been imposed soon after the June 22, 2005 hearing. The only sanction which would still be ripe for appeal is the forfeiture of the 13 days of good time credit.

(3) The petitioner shall keep the Clerk of the Court informed of his current mailing address. *Failure to notify the Clerk of any address change may result in a dismissal of this case.*

(4) For every further pleading or other document he wishes to submit for consideration by the Court, the petitioner shall serve upon each respondent, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The petitioner shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each respondent or counsel. *If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.*

Dated this 23rd day of December, 2005.

Signed By:
***Karen K. Caldwell*** *KKC*
**United States District Judge**